UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 25-512 PA (SPx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Michael Elliott v. Werner Enterprises, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS – COURT ORDER

     Before the Court is a Motion to Remand filed by plaintiff Michael Elliott ("Plaintiff") (Docket No. 11).  Plaintiff challenges the Notice of Removal filed by defendant Werner Enterprises, Inc. ("Defendant") as an improper effort to cure a procedural defect that resulted in a prior remand of this action has having been removed beyond the 30-day time limit imposed by 28 U.S.C. §1446(b)(3).  Defendant filed an Opposition, but Plaintiff did not file a Reply in support of the Motion.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for April 28, 2025 at 1:30 p.m., is vacated, and the matter taken off calendar.

**I.      Background**

     Plaintiff commenced this action, which alleges claims for employment discrimination and wrongful termination, in San Bernardino County Superior Court on October 15, 2024.  Defendant filed its first Notice of Removal in Case No. EDCV 24-2532 PA (SPx), on November 27, 2024.  The first Notice of Removal alleged that "Defendant was served on October 22, 2024."  (Notice of Removal in EDCV 24-2532 PA at ¶ 4; <u>see also</u> Declaration of Bree Robbins in support of NOR, ¶ 3 (alleging the same).)  The Court conducted a Status Conference on December 20, 2024 concerning the propriety and timeliness of the Notice of Removal.  During that Status Conference, the Court waived the requirements of Local Rule 6-1, allowed Plaintiff to move to remand the action, and granted Plaintiff's Motion to Remand.  Although the Court's Order remanding the action relied exclusively on the apparent untimeliness of Defendant's filing of the Notice of Removal beyond the 30 days allowed by 28 U.S.C. § 1446(b)(3), the Court did also state during the Status Conference that "even if [the untimeliness is] overlooked, there's no subject matter properly alleged in this Notice of Removal, quite frankly.  Because all you — all you allege is residence, not citizenship.  And residence is not citizenship, as I'm sure you're aware."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 25-512PA (SPx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Michael Elliott v. Werner Enterprises, Inc. | | |

Following the Court's order remanding the action, Defendant propounded discovery concerning Plaintiff's citizenship, and filed a second Notice of Removal on February 26, 2025, within 30 days of receiving Plaintiff's answers to that discovery, in which Plaintiff confirmed that he is a citizen of California. Defendant also contends that contrary to its prior allegations in the first Notice of Removal, it was not in fact served with the Complaint until October 30, 2024, which would have made the first Notice of Removal timely.

Relying on the Court's December 20, 2024 Minute Order memorializing the Status Conference at which the Court remanded the action based on the apparent untimeliness of the first Notice of Removal, Plaintiff's Motion to Remand contends that Defendant's second Notice of Removal is an impermissible second attempt to remove the action to cure a procedural defect that cannot be cured despite Defendant's receipt of the discovery that establishes that Plaintiff is a citizen of California. Plaintiff also challenges whether the second Notice of Removal's allegations that the amount in controversy exceeds $75,000.00

## II. Legal Standard

"Federal courts are courts of limited jurisdiction," having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)), amended by 387 F.3d 966 (9th Cir. 2004). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, defendants must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000 both at the time of the filing of the action and at time of removal. See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 25-512 PA (SPx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Michael Elliott v. Werner Enterprises, Inc. | | |

1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

"The Defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F. Supp. 1354, 1360 (D. Ariz. 1996)). The removal statute provides defendants with two thirty-day windows in which to remove a case. 28 U.S.C. § 1446(b)(1) & (3). Although generally "a proper removal notice must be filed within 30 days of service of the plaintiff's complaint," Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) (citing 28 U.S.C. § 1446(b)), the thirty-day period for removal is not triggered if an initial pleading is not removable on its face. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). "In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." Id. (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff's response to deposition questions and a litigant's sworn discovery responses can constitute "other paper" within the meaning of 28 U.S.C. § 1446(b) from which a party may properly be put on notice that a case is or has become removable. See Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 886-87 (9th Cir. 2010); Riggs v. Continental Baking Co., 678 F.Supp. 236, 238 (N.D. Cal. 1998). If a notice of removal is untimely, a plaintiff may move to remand the case back to state court. See 28 U.S.C. §§ 1447(c), 1453(c)(1); Carvalho, 629 F.3d at 885; Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1191–92 (9th Cir.2003).

**III.    Analysis**

    **A.    Successive Removal**

"As a general rule, a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action." Allen v. Utiliquest, LLC, 13-CV-4466, 2014 WL 94337, at *2 (N.D. Cal. Jan. 9, 2014). "A successive removal petition is only permitted upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a new and different ground for removal.'" Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting Kirkbridge v. Cont'l Cas. Co., 933 F.2d 729, 732 (9th Cir. 1991)) (allowing successive removal after recent passage of federal law that created a new category of federal jurisdiction). "Where a court has previously remanded a removed action for a defendant's failure to meet its burden, successive notices of removal . . . generally must be

Case 5:25-cv-00512-PA-SP   Document 27   Filed 05/01/25   Page 4 of 5   Page ID #:224

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 25-512 PA (SPx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Michael Elliott v. Werner Enterprises, Inc. | | |

based on information not available at the prior removal." Sweet v. United Parcel Serv., Inc., CV 19-02653, 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009).

Here, the second Notice of Removal was based on information not available at the time of the prior removal. As discussed above, after this case was remanded, Defendant conducted discovery. The information disclosed in the discovery responses was not available to Defendant at the time of the first removal. The second Notice of Removal – based on this new information – thus presents a different factual basis for removal than what was originally asserted. See Robin Invs., Inc. v. Shkolnik, CV 13-4136 MMM (MANx), 2013 WL 12114446 at *2-3 (C.D. Cal. July 13, 2013) ("A second removal, however, must be on grounds either factual or legal, that are different from those asserted in the first removal.").

Moreover, because the Court did mention the failure to adequately allege Plaintiff's domicile or citizenship during the December 20, 2024 Status Conference, the Court concludes that Defendant's later receipt of evidence of Plaintiff's California citizenship opened a 30-day window for Defendant to file the second Notice of Removal under 28 U.S.C. § 1446(b)(3). See Cioffi v. Solomon, Case No. C-14-04139-RMW, 2014 WL 6679555, at *2 (N.D. Cal. Nov. 21, 2014) (citing Harris, 425 F.3d at 695) ("Plaintiff's initial complaint did not trigger the first thirty-day window for removal because it only disclosed plaintiff's residency, not his citizenship. . . . [T]he second window for removal began when plaintiff filed an opposition in state court admitting plaintiff's California citizenship.") The Court therefore rejects Plaintiff's contention that the second Notice of Removal was an impermissible successive removal or that the Court's December 20, 2024 Minute Order, which mentioned only the apparent procedural defect, precluded Defendant from filing the second Notice of Removal within 30 days of its receipt of Plaintiff's discovery responses.

**B.      Amount in Controversy**

When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original); see also Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-90, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). "[T]he amount-in-controversy inquiry in the removal context is not confined to

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 25-512 PA (SPx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Michael Elliott v. Werner Enterprises, Inc. | | |

the face of the complaint." <u>Valdez v. Allstate Ins. Co.</u>, 372 F.3d 1115, 1117 (9th Cir. 2004). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996).

The second Notice of Removal includes evidence that Plaintiff earned approximately $44,000.00 during the six months from July 2023 to January 2024. Based on the length of time between Plaintiff's termination and the likely date of resolution of this action, the Court concludes that Defendant has satisfied its burden to establish by a preponderance that the amount in controversy here exceeds the jurisdictional minimum for the Court's diversity jurisdiction.

### Conclusion

For all of the foregoing reasons, the Court denies Plaintiff's Motion to Remand.

IT IS SO ORDERED.